UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DOUGLAS S. PIGGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00601-JPH-DLP |
| | ) | |
| BELL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint and
Ordering Plaintiff to File an Amended Complaint**

Plaintiff Douglas Piggee is an inmate at the United States Penitentiary (USP-TH) in Terre Haute, Indiana. Because Mr. Piggee is a "prisoner," the Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

The Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The standard to determine whether the complaint states a claim is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pro se complaints like Mr. Piggee's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

1

## II. The Complaint

Mr. Piggee's complaint names six defendants: (1) Warden Bell; (2) Warden Lammer; (3) Assistant Warden Hunt; (4) Captain Hess; (5) SIS Lieutenant Baker; and (6) Unit Manager Royer.

Mr. Piggee has been held in administrative detention since April 16, 2019. He first alleges the defendants have violated the First Amendment because, despite a Bureau of Prison (BOP) regulation that permits inmates in administrative detention to possess five books, three magazines, and a newspaper, he has been prevented from purchasing or possessing any reading materials while in administrative detention.

Mr. Piggee next alleges that his due process rights have been violated because he has been held in administrative detention in violation of a BOP regulation. He states that he was placed in segregation on April 16, 2019, for a narcotics investigation that concluded on May 6, 2019. He states that he was found guilty but did not receive disciplinary segregation time as a result. He alleges that his continued placement in segregation violates a BOP policy that directs the warden to return any inmate held in segregation in excess of ninety days to general population or transfer him to a more suitable institution.

Finally, Mr. Piggee alleges that the conditions of his confinement are unconstitutional. He alleges that he is exposed to extremely cold temperatures due to the lack of a heating system, that he is not provided enough food, and that he is being denied reading materials.

Mr. Piggee seeks $10,000 in damages and injunctive relief to (1) permit him to purchase and possess reading materials, and (2) for him to be released back to general population or transferred to another institution.

### III. Analysis

Mr. Piggee's claims are brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005). Mr. Piggee's complaint alleges sufficient facts to support a First Amendment claim, a Fifth Amendment due process claim, and a conditions-of-confinement Eighth Amendment claim.

With respect to his First Amendment claim, the Supreme Court has "never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). And "expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abassi*, 137 S. Ct. 1843, 1857 (2017) (internal quotations omitted). Still, it would be error to dismiss Mr. Piggee's First Amendment claim at the screening stage because the question of whether *Bivens* provides a vehicle to litigate First Amendment claims is unsettled in the Seventh Circuit. *Haas v. Noordeloos*, No. 19-3473, --- F. App'x. ---, 2020 WL 591565 at *1 (7th Cir. Feb. 6, 2020).

However, all claims are **dismissed** because Mr. Piggee does not describe how any of the defendants were involved in his claims. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Grossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997) ("In order to state a cause of action under *Bivens*, the Plaintiff must allege facts which show that the individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights."). Mr. Piggee names six defendants, but he does not say if all three claims are against all six defendants, or how any individual defendant

was involved in each allegation. For example, for his due process claim Mr. Piggee states that the warden is responsible for determining administrative detention placement, but Mr. Piggee names three wardens as defendants, and it is unclear who of the defendants were involved in his initial or continuing placement in administrative detention.

Because Mr. Piggee's complaint lacks the factual content to allow the Court to infer that any of the defendants are liable for the misconduct alleged, it is **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A.

### IV. Opportunity to Amend Complaint

The dismissal of the complaint will not lead to the dismissal of the action at present. Instead, Mr. Piggee shall have **through May 4, 2020**, in which to file an amended complaint.

An amended complaint should in essence tell the Court who did what when. In filing an amended complaint, Mr. Piggee shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Order, 2:19-cv-00601-JPH-DLP.

Further, the amended complaint must have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above without further notice.

## V. Conclusion

Mr. Piggee's complaint is **dismissed** for failure to state a claim upon which relief can be granted. He shall file an amended complaint no later than **May 4, 2020**. The **clerk is directed** to include a prisoner complaint form with this Order.

**SO ORDERED.**

Date: 4/6/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DOUGLAS S. PIGGEE
06845-097
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808