UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOUGLAS S. PIGGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00601-JPH-DLP |
| | ) |
| BELL, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Screening Amended Complaint and
Directing Issuance of Process**

Plaintiff Douglas Piggee is an inmate at the United States Penitentiary (USP-TH) in Terre Haute, Indiana. Mr. Piggee's original complaint was dismissed because he failed to explain how the defendants were involved in the alleged constitutional violations. Mr. Piggee filed a "supplemental brief to clarify initial amended complaint," which the Court construes as an amended complaint that completely replaces the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Because Mr. Piggee is incarcerated, the Court must screen his amended complaint, dkt. [14], before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

The Court must dismiss the amended complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The standard to determine whether the complaint states a claim is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

1

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Amended Complaint

Mr. Piggee's amended complaint repeats the same allegations as in his original complaint but clarifies the roles of the original defendants and adds three defendants. Mr. Piggee now names nine defendants: (1) Warden Bell; (2) Warden Lammer; (3) Assistant Warden Hunt; (4) Captain Hess; (5) SIS Lieutenant Baker; (6) Unit Manager Royer; (7) Kroeger; (8) Emmerick; and (9) Bragan.

Mr. Piggee has been held in administrative detention since April 16, 2019. He first alleges the defendants have violated the First Amendment because, despite a Bureau of Prison (BOP) regulation that permits inmates in administrative detention to possess books, magazines, and newspapers, he has been prevented from purchasing or possessing any reading materials while in administrative detention. He alleges that defendants Kroeger, Bell, Hunt, and Hess initiated the policy, and defendants Lammer, Emmerick, and Bragan have continued implementing the policy.

Mr. Piggee next alleges that his due process rights have been violated because he has been held in administrative detention in violation of a BOP regulation. He states that he was placed in segregation on April 16, 2019, for a narcotics investigation that concluded on May 6, 2019. He states that he was found guilty but did not receive disciplinary segregation time as a result. He alleges that his continued placement in segregation violates a BOP policy that directs the warden to return any inmate held in segregation in excess of ninety days to general population or transfer him to a more suitable institution. Finally, Mr. Piggee alleges that the conditions of his confinement in segregation are unconstitutional. He alleges that he is exposed to extremely cold

temperatures due to the lack of a heating system, that he is not provided enough food, that he is being denied reading materials, and that his cell is constantly flooded with feces and urine-contaminated water for which he is not provided cleaning supplies. As a result of these conditions, he is taking medication for depression and anxiety. He alleges that defendants Kroeger, Bell, Hunt, Hess, and Baker have denied him due process and exposed him to unconstitutional conditions of confinement.

Mr. Piggee seeks $2,500 in damages from each defendant and injunctive relief to (1) permit him to purchase and possess reading materials, and (2) for him to be transferred to another institution. However, Mr. Piggee also states he would rescind his demand for damages if the defendants allowed him to purchase and possess reading materials and paid Mr. Piggee's filing fee in this action.

### III. Analysis

Mr. Piggee's claims are brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005).

Mr. Piggee's complaint alleges sufficient facts to support a First Amendment claim, a Fifth Amendment due process claim, and a conditions-of-confinement Eighth Amendment claim. His Fifth and Eighth Amendment claims **shall proceed** against defendants Kroeger, Bell, Hunt, Hess, and Baker.

With respect to his First Amendment claim, the Supreme Court has "never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). And "expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abassi*, 137 S. Ct.

1843, 1857 (2017) (internal quotations omitted). Still, it would be error to dismiss Mr. Piggee's First Amendment claim at the screening stage because the question of whether *Bivens* provides a vehicle to litigate First Amendment claims is unsettled in the Seventh Circuit. *Haas v. Noordeloos*, No. 19-3473, --- F. App'x. ---, 2020 WL 591565, at *1 (7th Cir. Feb. 6, 2020). Mr. Piggee's First Amendment claims against defendants Kroeger, Bell, Hunt, Hess, Lammer, Emmerick, and Bragan **shall proceed**.

Mr. Piggee names unit manager Royer in the caption of his amended complaint, but he does not mention him in the body of his complaint. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Thus, claims against defendant Royer are **dismissed**.

This summary of claims includes all of the viable claims identified by the Court. If Mr. Piggee believes that additional claims were included in this amended complaint, but not identified by the Court, he shall have **through July 8, 2020**, to identify those claims.

### IV. Issuance of Process

**Personal service is required** in serving defendants (1) Warden Bell; (2) Warden Lammer; (3) Assistant Warden Hunt; (4) Captain Hess; (5) SIS Lieutenant Baker; (6) Kroeger; (7) Emmerick; and (8) Bragan. The Marshal for this District or his designee shall serve the summons, together with copies of the amended complaint, dkt. [14], and this Entry, on the defendants pursuant to Fed. R. Civ. P. 4(i)(2)-(3), at the expense of the United States.

To serve the United States, the **clerk is directed** to issue a single summons to the United States Attorney for this District and the U.S. Attorney General pursuant to Federal Rule of Civil Procedure 4(i)(1). The Marshal for this District is directed to **serve** the summons, the amended

complaint, dkt. [14], and a copy of this Entry by registered or certified mail at the expense of the United States.

## V. Motion for Preliminary Injunction

The defendants are directed to respond to Mr. Piggee's motion for preliminary injunction, dkt. [9], when they answer his complaint.

## VI. Conclusion

Fifth and Eighth Amendment claims **shall proceed** against defendants Kroeger, Bell, Hunt, Hess, and Baker. First Amendment claims **shall proceed** against defendants Kroeger, Bell, Hunt, Hess, Lammer, Emmerick, and Bragan. The defendants shall respond to Mr. Pigge's motion for preliminary injunction when they answer his complaint. Claims against defendant Royer are **dismissed**.

The clerk **is directed** to add defendants Kroeger, Emmerick, and Bragan and to terminate defendant Royer on the docket.

Process shall be issued as described in Section IV.

**SO ORDERED.**

Date: 6/10/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DOUGLAS S. PIGGEE
06845-097
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
Southern District of Indiana
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204