UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOUGLAS S. PIGGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00601-JPH-DLP |
| | ) |
| BELL, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion for Preliminary Injunction and
Granting in Part, Denying in Part Motion to Preserve Evidence**

**I.     Motion for Preliminary Injunction**

Plaintiff Douglas Piggee, an inmate at the United States Penitentiary—Terre Haute (USP-TH), brings this lawsuit pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging in part that the defendants have violated his First Amendment rights by prohibiting inmates housed in administrative detention from buying reading materials. He has filed a motion for a preliminary injunction seeking an order directing the defendants to permit him to purchase and possess books, magazines, and newspapers from approved publishers. Dkt. 9.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the

1

merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*. Additionally, the Prison Litigation Reform Act states that a preliminary injunction in a civil rights lawsuit brought by a prisoner "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Mr. Piggee provides no evidence or legal argument to support his motion for a preliminary injunction. He states, "This administration is currently prohibiting inmates who are housed in administrative detention the right to purchase and possess religious, educational, vocational or leisure soft cover books, magazines or newspapers from well-established vendors. In violation of both Federal law and BOP regulations." Dkt. 9 at 1. By failing to present sufficient evidentiary support or legal argument, Mr. Piggee has failed to show that he has a reasonable likelihood of success on the merits of his claims, and he therefore has failed to meet his threshold burden to show his entitlement to preliminary relief. Accordingly, his motion for a preliminary injunction, dkt. [9], is **denied without prejudice**. He may renew his motion if he can provide more detail and evidentiary support – including through his own testimony – of his claims.

## II.     Motion to Preserve Evidence

Although Mr. Piggee titled his filing at docket 19 a "Motion to Preserve Evidence," his motion asks (1) that the Court incorporate the amendments submitted with his original complaint into his amended complaint and (2) that the Court reconsider various parts of its screening order. His motion, dkt. [19], is **granted** in part and **denied** in part.

Mr. Piggee's motion to incorporate his exhibits is **denied**. "For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture." *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). Therefore, an amended complaint must stand complete on its own and should contain *all* claims against *all* defendants. If Mr. Piggee wishes to modify the facts or defendants in his complaint or include exhibits, he must file an amended complaint (with the exhibits) that will replace each previously amended complaint.

Mr. Piggee next asks that the Court reconsider its decision to dismiss Unit Manager Royer as a defendant in this action. The Court dismissed Mr. Royer because Mr. Piggee did not include any factual allegations against him in his amended complaint. Dkt. 15 at 4. Mr. Piggee can file an amended complaint to include allegations against Mr. Royer, but to do so would be futile. Mr. Piggee alleges that Mr. Royer's "misconduct played an essential role in prohibiting [Mr. Piggee] from being able to exhaust his administrative remedies." Dkt. 19 at 1. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n.3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). The allegations that Mr. Royer denied Mr. Piggee access to the grievance process do not support a claim that Mr. Royer violated Mr. Piggee's federally secured rights. Failure to exhaust administrative remedies is an affirmative defense, and the defendants have not yet appeared or filed an answer. Therefore, Mr. Royer's acts may be relevant as a response to any argument that Mr. Piggee failed to exhaust his administrative remedies, but they are not in and of themselves a violation of Mr. Piggee's rights.

Finally, Mr. Piggee states that in its screening order, the Court failed to allow his claim that he has not been provided hearings where he can present evidence and call witnesses to challenge his continued placement in administrative detention. Dkt. 19. The Court did permit a Fifth Amendment due process claim to proceed in its screening order, but it did not explicitly mention the denial of hearings. Dkt. 15 at 2. However, Mr. Piggee does allege that he was denied hearings in his amended complaint. Dkt. 14 at 2. Thus, the Court **grants** Mr. Piggee's request to reconsider its screening order to the extent that Mr. Piggee's allegations that he has not received hearings that comport with due process are facts he has alleged in support of his due process claim.

### III.   Conclusion

Mr. Piggee's motion for preliminary injunction, dkt. [9] is **denied without prejudice** because it fails to provide sufficient evidentiary support or legal argument.

Mr. Piggee's motion to reconsider various aspects of his amended complaint, dkt. [19], is **granted** to the extent that Mr. Piggee's due process claim includes an allegation that he was denied hearings to challenge his confinement in administrative detention, and **denied** to the extent that he asks the Court to incorporate his exhibits from his original complaint or reconsider its dismissal of Mr. Royer as a defendant.

**SO ORDERED.**

Date: 9/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DOUGLAS S. PIGGEE
06845-097
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel

4