UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOUGLAS S. PIGGEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19-cv-00601-JPH-DLP |
| BELL, et al., | ) ) ) |
| Defendants. | ) |

**Order**

Plaintiff, Douglas Piggee, alleges that, while he was incarcerated at FCI Terre Haute, the defendants violated his First Amendment rights by depriving him access to all reading materials and his Fifth and Eighth Amendment rights by keeping him in segregation without due process. Dkt. 14. Mr. Piggee was transferred to FCI Pekin in Pekin, Illinois in August 2020. Dkt. 35.

Mr. Piggee has submitted a letter that the Court construes as a motion for Court assistance. Dkt. 55. Mr. Piggee alleges that a correctional officer at FCI Pekin tried to bribe another inmate to accuse Mr. Piggee of trafficking drugs. He believes that the officer's actions are in retaliation for Mr. Piggee filing this civil rights lawsuit. For the reasons that follow, Mr. Piggee's motion, dkt. [55], is **denied**.

"A preliminary injunction is an extraordinary remedy." *HH-Indianapolis, LLC v. Consol. City of Indianapolis and County of Marion, Indiana*, 889 F.3d 432, 437 (7th Cir. 2018) (internal quotation omitted). "A party seeking a preliminary injunction must satisfy all three requirements in the threshold stage by showing that (1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *Id.* (internal quotation omitted). In addition, a

request for injunctive relief must be tied to the claims proceeding in this action. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."); *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (A court may grant a motion for injunctive relief only if there is a relationship between the injury claims in the motion and the conduct alleged in the complaint.).

The conduct described, while concerning, occurred at FCI Pekin and is unrelated to his allegations in this case. Whatever relief Mr. Piggee desires (as it is not specified in his motion) must be sought through the Bureau of Prisons grievance process and then, if necessary, by filing a lawsuit in the judicial district where the conduct occurred.

**SO ORDERED.**

Date: 5/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DOUGLAS S. PIGGEE
06845-097
PEKIN - FCI
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov